UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ASTRID ROY** | : | **CASE NO. 3:22-cv-03346** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SAFECO INSURANCE CO. OF OREGON** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Safeco Insurance Company of Oregon. Doc. 23. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

After careful consideration of this motion, the evidence submitted by defendant, and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED** and that plaintiff's claims be dismissed with prejudice. In the alternative, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to abide by orders of the court.

### I.
#### BACKGROUND

The firm McClenny Moseley & Associates, PLLC ("MMA") filed this suit on plaintiff's behalf, alleging that plaintiff's property was damaged by Hurricanes Laura and Delta in 2020 and that defendant provided a policy of insurance covering that damage. Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA

Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 16. The Termination Order set an August 16, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original).

The court held the status conference on August 16, 2023, in the Monroe Division of the Western District of Louisiana. Doc. 19. Plaintiff appeared as ordered and was reminded of her duties as a *pro se* party. *Id.* Defendant then filed its motion for summary judgment. Doc. 23. The court set a deadline for plaintiff to respond to the motion, but she failed to do so. Docs. 24, 27.

## II.
### ANALYSIS

#### A. *Defendant's Motion for Summary Judgment*

In support of its motion for summary judgment, defendant attaches the declaration of Temple Fournier, a Senior Personal Lines Underwriting Manager with Liberty Mutual Insurance Company, who states under oath that she has knowledge of the insurance policies issued by Liberty Mutual and its underwriting companies, including defendant. Doc. 23, att. 2, p. 1. She further attests that she has reviewed defendant's records and defendant had no homeowner's policy in effect for plaintiff individually or the property that is the subject of this lawsuit at the time of Hurricane Laura or Hurricane Delta. *Id.* Temple Fournier further indicates that defendant's business records show that defendant only insured plaintiff and the property central to this matter from January 16, 2021, through January 16, 2022. *Id.* Also attached to the motion is the policy,

which bears the policy number listed in the complaint. Doc. 23, att. 2, pp. 4–77. Accordingly, defendant requests that the court issue summary judgment dismissing all claims against it.

### 1. *Summary Judgment Standard*

A court shall grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). A genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Tubacex*, 45 F.3d at 954. The moving party can meet its summary judgment burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554 (1986).

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (quotation marks omitted). "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). Instead, the nonmovant must submit "significant probative evidence" in support of her claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S. Ct. at 2511 (internal citations omitted). The court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

### *2. Summary Judgment Where Plaintiff has Produced no Policy of Insurance*

"The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment." *Dixon v. Direct Gen. Ins. Co. of La.*, 12 So. 3d 357, 360 (La. App. 1 Cir. 3/27/09). "A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy . . . and its terms and provisions." *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 610 (M.D. La. 2016) (alteration original).

Plaintiff is unrepresented, so we assess this summary judgment motion with special care. Summary judgment may not be appropriate in all circumstances when plaintiff cannot meet the initial burden of proving the existence of a valid contract of insurance. Louisiana law allows for the possibility that a contract could be "destroyed, lost, or stolen[,]" and proved by alternate means. La. Civ. Code art. 1832. And summary judgment on the existence of an insurance policy could be premature in the context of complex litigation where the coverage provided by known policies is the subject of debate. *See, e.g.*, *Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d at 610–11 (denying insurer's motion for summary judgment as premature where employee plaintiff referenced no policy and insurer attested that it had not issued a policy covering the plant, but plant owner sought more time for discovery on the issue of coverage).

The simplicity of the coverage issue here, however, convinces us that summary judgment is appropriate in this case because there is simply no indication that this defendant issued a relevant policy of insurance. Defendant provided the court with its insurance policy issued to plaintiff and covering the property listed in the complaint, but it has a coverage period that does not extend to the dates of the hurricanes. Doc. 23, att. 2, pp. 4–77. Temple Fournier's sworn declaration attests that, in fact, defendant provided no coverage to plaintiff or the property on those dates. *Id.* at p. 1.

Plaintiff has not produced a policy of insurance that was in effect at the time of the hurricanes, nor has she provided other evidence to counter defendant's position. Thus, via sworn declaration and the policy attachment, defendant has borne the initial burden of showing that it issued no policy of insurance covering this plaintiff or property at the time of the hurricanes, and plaintiff has not satisfied the burden of showing that a genuine issue of material fact exists on that issue.

The court provided plaintiff ample opportunity to provide the policy of insurance for the relevant time or argue why defendant could be liable for the damages described in the complaint. Plaintiff has done neither. Because plaintiff has not responded to the motion or presented evidence to the court, she has failed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 106 S. Ct. at 2511 (quotation marks omitted). The undersigned therefore recommends that defendant's motion for summary judgment be granted.

### B. *Alternate Recommendation that the Matter be Dismissed for Failure to Prosecute*

Alternatively, should the district judge find summary judgment inappropriate, we recommend dismissal for failure to prosecute.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

In the Termination Order, the undersigned explained to plaintiff her rights and obligations as a *pro se* plaintiff, including the responsibility to "be aware of and abide by the various orders and rules of the court." Doc. 16, p. 4.  The court also set a status conference that plaintiff was ordered to attend in person and cautioned plaintiff that failure to fulfill her obligations as a *pro se* litigant could result in penalties, which could result in a recommendation that the case be dismissed. *Id.*  At the August 16, 2023, status conference, the court again reminded plaintiff of her duties as a *pro se* plaintiff and the consequences for non-compliance. Doc. 19.  Despite the court's warnings to plaintiff, she did not respond to the instant motion as ordered.  Plaintiff has not contacted chambers regarding the case.

As of this date, no attorney has moved to enroll on plaintiff's behalf.  Other than attending the August status conference, plaintiff has not participated in the prosecution of this case, including responding to the current motion.  Accordingly, we alternatively recommend that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders of the court.

## IV.
### Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment [doc. 23] be **GRANTED,** and that this matter and all of plaintiff's claims against Safeco Insurance Company of Oregon be **DISMISSED WITH PREJUDICE**.

In the alternative, we **RECOMMEND** that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to abide by the orders of the court.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 19th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE